LEWIS v. BALTIMORE & L. R. CO. et al.

Ex parte STREET.

(Circuit Court of Appeals, Fourth Circuit. June 1, 1894.)

No. 88.

1. MANDAMUS — COMPELLING ALLOWANCE OF APPEAL — DISCRETION OF TRIAL COURT.

A circuit court will not be compelled by mandamus to allow an appeal from a denial of a motion to consolidate causes (that being wholly within

its discretion), nor from a denial of a petition to be made a party to a cause, filed by one not a necessary party thereto, and whom, even if a proper party, it was a proper exercise of discretion to exclude, because he was prosecuting other proceedings for the relief sought, wherein all his rights would be examined and protected.

2. APPEALABLE ORDERS—DENIAL OF LEAVE TO INTERVENE.
An order denying leave to intervene in a cause is in no sense a final judgment, and is not appealable.

This was a petition by Joseph M. Street for a mandamus to the circuit court of the United States for the district of Maryland, directing the allowance of an appeal from certain orders or decrees of that court in the case of Charles E. Lewis, trustee, against the Baltimore & Lehigh Railroad Company and others.

S. A. Williams and E. Beverly Slater, for petitioner.

R. M. Venable and William A. Fisher, for Mercantile Trust & Deposit Co., trustee.

Before GOFF and SIMONTON, Circuit Judges, and HUGHES, District Judge.

SIMONTON, Circuit Judge. The petitioner, a stockholder in the Maryland Central Railroad Company (which afterwards was consolidated with another company, and was known as the Baltimore & Lehigh Railroad Company), filed his bill of complaint against the Maryland Central Railroad Company, the Baltimore & Lehigh Railroad Company, the Mercantile Trust & Deposit Company, trustee of the first and second mortgage of the Maryland Central Railroad Company, William Gilmor, and others. This bill was filed in Hartford county, Md., and after reciting the existence of the first mortgage upon the property of the railroad company (the validity of which, and of the bonds issued thereunder, was not disputed), and the existence of a second mortgage upon the same property (the validity of which, also, was not disputed), it charged the managers of the company and certain of its agents, codefendants in his suit, with fraudulent conduct in the management of the affairs of the company, and with the fraudulent use of a very large part of the $900,000 worth of bonds issued under the second mortgage. The cause was removed from the state court of Hartford county to the circuit court of the United States for the district of Maryland. In his original bill, the relief sought by the complainant is directed against the managers and the agents of the railroad company in the fraudulent disposition of its property, and of the bonds under the second mortgage. It seeks, also, the appointment of a receiver for the railroad property. Under this bill a receiver was appointed in the state court, and after that the cause was removed to the circuit court of the United States, where his supplemental bill was filed. Its prayer for relief is directed against the same fraudulent acts, and in addition thereto the bill contains this prayer:

"(6) That the defendant the Mercantile Trust & Deposit Company, trustee under the said first mortgage, and also trustee under the said general or second mortgage, may, by an order in the nature of an injunction, be restrained from selling said railroad, under either the first mortgage or the said general mortgage, pending this suit, or until such time as your honors may

deem necessary and proper to allow for the ascertainment of the reasonable value of the said railroad property, and its prospects in the near future; the liens thereon, and the indebtedness thereof; and for the protection of the rights of the stockholders, and all persons interested therein."

On the 14th of October this special prayer was set down for argument before the circuit court. The hearing was had on the 15th of November of that year, and the prayer was refused, the court giving its reasons at length. Subsequent to this order the Mercantile Trust & Deposit Company, trustee of both the first and the general or second mortgage, surrendered the trust under the general or second mortgage; and, after sundry substitutions of trustees, Charles E. Lewis, a citizen of New York, was duly appointed and recognized as trustee. On the 21st of March, 1894, as such trustee, Charles E. Lewis filed his bill for foreclosure of the general or second mortgage in the circuit court of the United States for the district of Maryland. To this bill he made the Maryland Central Railroad Company (now known as the Baltimore & Lehigh Railroad Company), the Baltimore Forwarding & Railroad Company, and the Mercantile Trust & Deposit Company of Baltimore, trustee of the first mortgage, parties defendant. The trustee of the first mortgage obtained leave to file, and did file, its cross bill in this cause, on the 31st of March, 1894, praying the foreclosure of its first mortgage. All the other parties to the cause filed their answers to this cross bill, and by stipulation of counsel the cause was submitted for decree on this cross bill on the 7th of April, 1894. Joseph M. Street, the petitioner, filed his petition in the circuit court of the United States for the district of Maryland in this cause of Lewis, Trustee, v. The Baltimore & Lehigh Railroad Company; setting forth all that he had done in his own proceedings, and all the proceedings thereunder, and praying that the suit of Charles E. Lewis, trustee, be consolidated with his suit. This petition was dismissed by the circuit court on the 7th of April, 1894, "without prejudice to the right of the petitioner to renew his application at a later time, or to a similar application by any other party to the case hereafter." On the same day the petitioner, Street, filed his petition in the same court, praying that he be made a party to the Lewis suit. The prayer of this petition was denied, also, and the application dismissed, "without prejudice to the right of the petitioner to renew the same at a later time." Street excepted to the dismissal of each petition. On the same day a decree for the foreclosure of the first mortgage was entered. In this decree, after providing for the satisfaction of the lien of the first mortgage, it was ordered that the amount, if any there be, in excess of the payments above specified, shall be applied as the court shall hereafter direct.

On the 14th of May, 1894, Street filed his petition for an allowance of his appeal from the rulings of the court refusing his petition for consolidation, and his petition to be made a party. Accompanying this petition were the following assignments of error:

(1) That the said circuit court was in error in overruling the petition for a consolidation of this with the case of Street v. The Central Maryland Railroad Company and others; (2) that the circuit court was in error in overruling the

petition filed by the petitioner, praying to be made a party to the cause; (3) that the circuit court was in error in decreeing a sale of the property mentioned in the decree.

The petition was dismissed, its prayer having been denied. He now comes before this court, praying that a mandamus be issued to the judges of the circuit court of the United States for the district of Maryland, commanding them, or one of them, to grant the petitioner an appeal from the orders and the decree aforesaid, and to accept a supersedeas bond, and that such an appeal may be allowed as of the date the original application was refused by the said court.

With regard to the motion for consolidating the case of Street v. The Central Maryland Railroad Company with that of Lewis, Trustee, v. The Central Maryland Railroad Company, this was addressed to the discretion of the court and was wholly within its discretion. Rev. St. U. S. § 921. We cannot, by mandamus, interfere with the circuit court in this exercise of its discretion.

So, also, as to the petition to make Street a party in the Lewis Case. He was not a necessary party, and, even were he a proper party, still, this was within the discretion of the court. In the present instance this discretion was wisely exercised. Street already has his day in court. He has instituted, and is now prosecuting, proceedings in which all of his rights will be examined, and, if any exist, will be protected. In these proceedings, among other things, he prayed practically the same relief which he now seeks, and his prayer was considered and denied. His desire to be a party in this case is to enable him to appeal from and supersede the decree of foreclosure of the first mortgage, and to arrest the sale under this mortgage. On this very question in his own case he has had his day in court, has made his effort, and has failed. The renewal of the motion would only be vexatious. Nor does it seem equitable to impose the delay he seeks on the holders of the first mortgage. The validity of this mortgage is admitted by all parties, the valid use of all of its bonds is admitted, and the right to a foreclosure is indisputable. The petition asks that the bondholders be held up until two contingencies shall be determined: The one is that it be ascertained, in a hotly-contested and prolonged litigation, whether his charges of fraud in the use of some second mortgage bonds be true or not. In this question the first mortgage bondholders have no privity and no interest whatever. And the other is until it be ascertained whether the property, heretofore unproductive, will not become more valuable, so that parties wholly unconnected with, and having rights subordinate to, the first mortgage, may have a chance of benefit. In the meantime the experiment is to be made at the risk and cost of the first mortgage bondholders. In its final decree the circuit court has shown due regard to the interest of all parties subordinate to the first mortgage, and to the questions raised by the petitioner. While the rights of the first mortgage creditors are recognized and preserved, the contingent interest of other parties is impaired as little as possible. All funds not needed for the first mortgage are reserved for the future order of the court. No right of the petitioner has been finally adjudicated by any of the orders

of the court. Besides, this refusal of the circuit court to admit Street as a party is not an appealable order. It is in no sense a final judgment. It concludes no right. In the language of Waite, C. J., in Ex parte Cutting, 94 U. S. 22: "No appeal lies from the order refusing them leave to intervene to become parties. That was a motion in the cause, and not an independent suit in equity, appealable here." Were the courts of last resort to entertain appeals to make a person a party, causes would be constantly going up piecemeal, great confusion would be created, and insufferable delays caused. The petitioner, not being a party to the suit, cannot be heard on an appeal therefrom. Ex parte Cutting, supra. The motion for a mandamus is refused.