UNITED STATES v. PHILIPS, Judge.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1901.)

No. 24.

INTERVENTION—REFUSAL—GRANTING APPEAL AS OF COURSE.

There being two kinds of intervention, one belonging to the class of cases in which leave to intervene is entirely discretionary, and the other to that class in which the right is absolute, and it being sometimes difficult to determine to which a particular intervention belongs, the correct practice for a chancellor, after refusing leave to intervene, is to grant an appeal as a matter of course, if prayed for, as the intervener otherwise would be entirely without remedy if the refusal should be a mistake.

C. H. Nearing, for petitioners.

Gardiner Lathrop, for respondent.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. This court has held that there are two kinds of interventions. To the one class belong those cases in which the court or chancellor to whom the application is made is not bound to permit a third party to intervene, and load the case with collateral issues, and in which the allowance of an intervention is entirely discretionary with the chancellor. To the other class of cases belong those in which the right to intervene is absolute, resting, as it does, upon the grounds of necessity, and the inability of the intervener to obtain such relief as he is entitled to by any other means than an intervention. Minot v. Mastin, 37 C. C. A. 234, 95 Fed. 734, 739; Credits Commutation Co. v. U. S., 34 C. C. A. 12, 91 Fed. 570, 62 U. S. App. 728, 733. When a chancellor denies leave to intervene in a case belonging to the first class, no appeal lies because the action of the chancellor is discretionary, and because the chancellor's action in denying leave to intervene is not a final adjudication upon the intervener's rights. But, when a chancellor denies the right to intervene in a case belonging to the second

class, an appeal lies, because the chancellor's action was not discretionary, and because such action was a final adjudication, in that it denied him relief which he could obtain only by an intervention in the pending cause. Now, in view of the fact that there are two species of intervening complaints, and that it may be sometimes difficult to determine to which class the intervention belongs, we think that the correct practice for the chancellor, after refusing leave to intervene, is to grant an appeal as a matter of course, if the intervener prays for an appeal. When the record is removed to the appellate court, it can then be determined by that tribunal whether the action of the lower court was purely discretionary, and its judgment not final, or whether the intervener was entitled to assert his rights by an intervention. Such course of procedure on the part of the chancellor would seem to be necessary, because, if a mistake is made by the lower court as to the character of the intervention, and the chancellor refuses an appeal, the intervener is entirely without a remedy. In view of these considerations, we think that in the present instance the chancellor should have allowed the appeal, and that a motion should have been made in the appellate tribunal to dismiss the appeal. By what is here said we would not be understood as intimating any opinion upon the question whether the intervention sought belongs to the one class or the other. If it belongs to the first class, an appeal will be of no benefit to the intervener, as the appeal will of necessity be dismissed if a motion to that effect is made. The question now before us is simply as to the right of appeal, and as to the correct practice on a state of facts such as is disclosed by the information. We apprehend that there will be no occasion to issue an alternative writ, as we have no doubt that the respondent will allow an appeal in the case when advised of the views of this court.