## GLASS v. WOODMAN et al. †

(Circuit Court of Appeals, Eighth Circuit. May 3, 1915.)

No. 4377.

1. EQUITY ☞114—PARTIES—RIGHT OF INTERVENTION.
  The right of intervention does not necessarily follow from the absence of other remedy; but an intervener should have some interest in or claim to the demand in suit, or some connection with, interest in, or lien upon the subject-matter of the litigation.
  [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 275–279; Dec. Dig. ☞114.]

2. MORTGAGES ☞436—FORECLOSURE—PARTIES—INTERVENTION.
  One having an unliquidated demand against the complainants in a foreclosure suit in a federal court, who are nonresident aliens, is not, because of such fact, entitled to intervene in the suit for the purpose of litigating his claim and enforcing the same against the interest of complainants therein.
  [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1289; Dec. Dig. ☞436.]

3. COURTS ☞497—PROPERTY IN CUSTODIA LEGIS.
  Mortgage bonds deposited in a federal court in a foreclosure suit are not subject to attachment or garnishment under process from a state court.
  [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1386, 1397, 1398, 1404–1406; Dec. Dig. ☞497.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by Alfred H. Woodman and others against the Williamsville, Greenville & St. Louis Railway Company and others. From an order denying his motion for leave to file intervening petition, David H. Glass appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
† Rehearing denied August 23, 1915.

E. H. Gamble, of Kansas City, Mo., for appellant.

Irvin V. Barth, of St. Louis, Mo. (John S. Leahy and Walter H. Saunders, both of St. Louis, Mo., on the brief), for appellees.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an appeal from an order denying leave to intervene in a foreclosure suit. Some citizens and residents of the Dominion of Canada who held mortgage bonds of a railroad company of Missouri had brought suit in the court below to foreclose the mortgage. A receiver was appointed, the bonds were deposited with a special master of the court, and a decree of foreclosure and sale was rendered. In this situation the appellant, a citizen of Illinois, sought to intervene to assert and enforce against some of the complainants an unliquidated claim for damages for breach of contract. He averred in his proposed intervening petition that personal service of process could not be made on the complainants in the United States, and that they had no property in this country which he could subject to his claim, except their bonds in the possession of the special master and the corresponding interest in the decree of foreclosure; also that there were other creditors of the complainants who were similarly situated, for whose benefit, if they desired, his proceeding might inure. He prayed that the special master be ordered to hold the bonds in his possession subject to the decision of the issues between him and the complainants, that they be required to answer, and that he have judgment for his damages and a lien on their bonds and the proceeds, etc.; also that, if such relief be denied, he be then authorized to sue them in a state court and have foreign attachment of their property by garnishment of the special master.

[1] The appellant claims a right to intervene because he would otherwise be without remedy. He cannot maintain an independent action at law in a court of the United States, for the reason that complainants cannot be found for service, and foreign attachment, so called, is not a permissible instrument for initiating jurisdiction in those courts. Nor can he maintain an action by attachment in a state court where jurisdiction might be so acquired because the property to be reached is in custodia legis. But the right of intervention does not necessarily follow from the absence of other remedy. It is not permissible to load a case with collateral issues. An intervener should have some interest in or claim to the demand in suit, or some connection with, interest in, or lien upon the subject-matter of the litigation, and the appellant has none of these. He has no claim, legal or equitable, to the mortgage bonds, nor legal or equitable interest in or lien upon the property of the defendant company or the fund to be administered, nor is he interested as an unsecured creditor of the defendant with rights that might be affected by the foreclosure.

[2] His unliquidated claim against complainants does not even appear to have grown out of or to have relation to any phase of the cause of action or the subject-matter in the court below. It is outside of and foreign to the litigation. In effect he asks the court to

admit him to the suit to qualify him for intervention by taking cognizance of an extraneous claim ordinarily justiciable only at law and by creating for it a lien upon property of complainants in the court's possession. That would be extending the jurisdiction of a court of equity in a foreclosure suit quite beyond precedent. If that were permissible, the court could be required to entertain innumerable claims having no connection with the subject-matter, nor with the proper disposition of the cause. Some cases are so circumstanced that intervention is an absolute right; others rest in the discretion of the trial court, whose action will not be reviewed on appeal. Credits Commutation Co. v. United States, 91 Fed. 570, 34 C. C. A. 12; Id., 177 U. S. 311, 20 Sup. Ct. 636, 44 L. Ed. 782. Appellant's claim is, in respect of the subject-matter of the suit, neither with nor against any of the parties, and in a legal sense it cannot be affected by the decree. It is so remote as not to have challenged the discretion of the trial court.

In support of appellant's contention, some general expressions are cited from the opinions in Credits Commutation Co. v. United States, supra, Minot v. Mastin, 95 Fed. 734, 37 C. C. A. 234, and United States v. Philips, 107 Fed. 824, 46 C. C. A. 660. In the first of these the intervention sought was to protect a statutory right in connection with the property involved in the main suits. The denial of the application was held to be within the discretion of the trial court, and was affirmed by this court and by the Supreme Court. In Minot v. Mastin the petitioners sought possession of property in the court's custody to which they asserted a paramount right. In United States v. Philips the claim set up is not disclosed. This court merely held that, since it was sometimes difficult to distinguish between interventions of absolute right and those resting in the discretion of the court, it is better practice to grant an appeal from orders denying them. Quite clearly these cases are not warrant for an intervention here. In this connection, see United States v. Eisenbeis (D. C.) 88 Fed. 4 (Intervention of Hogg, Adm'r).

[3] We also think the court did not err in declining to authorize a garnishment of the special master to make foundation for an action in a state court. The custody of the special master was the custody of the law. The property of a litigant so held is not subject to attachment or garnishment from another jurisdiction. In re Argonaut Shoe Co., 187 Fed. 784, 109 C. C. A. 632. The doctrine is old, and its reasons rest in considerations of orderly judicial procedure. Whether the court might have waived it need not be considered. Its adherence was not erroneous from any view.

The order is affirmed.