**RICHFIELD OIL CO. v. SAWTELLE, District Judge of Arizona, et al.**

(Circuit Court of Appeals, Ninth Circuit. November 14, 1921.)

No. 3789.

1. **Mandamus ⊂⟩176—Circuit Court of Appeals without jurisdiction to grant leave to intervene in District Court.**

The Circuit Court of Appeals is without jurisdiction on application for writ of mandamus to grant petitioner leave to intervene in an action in the District Court.

2. **Mandamus ⊂⟩176—District Court may be directed to allow appeal.**

The Circuit Court of Appeals on application for mandamus may direct the District Court to allow an appeal from an order denying a petition for leave to intervene and to file an answer in intervention.

Application by the Richfield Oil Company for a writ of mandamus against Hon. William H. Sawtelle, District Judge of the District of Arizona, and against the District Court of the United States in and for the District of Arizona. Writ granted.

James, Pace & Smith, of Los Angeles, Cal., for petitioner.
Nathan Newby, of Los Angeles, Cal., for respondents.

Before HUNT, Circuit Judge, and RUDKIN, District Judge.

PER CURIAM. On application for writ of mandamus to require the District Court to allow petitioner to intervene in a suit brought by the Western Machinery Company against one Post and the Valley

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Farms Water Company to establish a lien and to appoint a receiver. The receiver was appointed. Petitioner sets up that it sold materials to the Valley Farms Company and unless it can intervene its rights to participate with other creditors will be lost. The court below denied the petition on the ground that the petitioner was guilty of laches and had refused to intervene in subordination of the propriety of the main proceeding, but had announced its purpose to challenge the jurisdiction of the court, and because the petitioner was not a party to the main suit. The court denied an appeal from the order denying the application to intervene on the ground that such order is not appealable.

[1] We hold that this court is without jurisdiction to grant the petitioner leave to intervene.

[2] But after consideration of the petition and answer, and other records, we conclude that the present application should be regarded as broad enough to make it proper to issue the writ directing the District Court to allow the appeal from the order denying petition for leave to intervene and to file its answer in intervention.

The writ will therefore issue for the limited purpose indicated. United States v. Philips, Judge, 107 Fed. 824, 46 C. C. A. 660.