### McKEE et al. v. BRAZELL et al.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1922.)

No. 5646.

**I. Appeal and error ⬥87(3)—Order denying intervention appealable, if prejudicial to substantial legal rights, otherwise not.**

If no substantial legal rights are prejudiced by a denial of intervention, the ruling is within the discretion of the trial judge, and not appealable; but, if such prejudice would result, the intervention is a matter of right, and denial thereof is appealable.

**2. Appeal and error ⬥87(3)—Order denying intervention held not appealable.**

Where, after entry of a decree adjudging title to land and the right to its profits in the hands of a receiver to be in certain persons, who were officers of a corporation, the court denied a petition to intervene by stockholders asserting the right of the corporation to the property on the ground that its funds were used in the purchase, such ruling *held* discretionary and not appealable, as the rights of the corporation, as against its officers were not involved in the suit and the order was without prejudice to a separate suit for their determination.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Frank A. Youmans, Judge.

A. E. McKee and others appeal from an order denying their petition for leave to intervene, to which James Brazell and others were opposed. Appeal dismissed.

E. D. Woodburn, of Holton, Kan., H. C. Thurman, of Oklahoma City, Okl., and R. W. Stoutz, of Muskogee, Okl., for appellants.

C. B. Stuart and M. K. Cruce, both of Oklahoma City, Okl., for appellees.

---

⬥For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. November 1, 1913, the United States filed a bill in equity to cancel the allotment of 160 acres of land to Barney Thlocco, a deceased Creek Indian. The defendants were the alleged heirs of Thlocco and others claiming various interests, based upon transactions with alleged heirs, in the land. The discovery of considerable oil deposits in the land had made it very valuable. The Black Panther Oil & Gas Company, a defendant, was producing oil therefrom under a lease from one of the claimants to heirship. To conserve the oil in this property from being drawn off through operations upon nearby land, all parties consented to the exploitation by the above company, upon payment of a generous royalty to a receiver appointed by the court. Much more than a million dollars has thus accumulated in the hands of the receiver. This large sum attracted a horde of fortune hunters and resulted in more than 150 persons who intervened, each claiming to be the sole heir, or an heir, of Thlocco and entitled to the fund.

When the Supreme Court upheld the allotment, the trial court was left the difficult task of determining which were the real heirs or heir of Thlocco and entitled to the fund in the custody of the receiver. This burden was carried by that court and resulted in a decree (filed June 17, 1919), which determined Martha Jackson to be the sole heir of Thlocco and sole owner of the land subject to the curtesy of her father. The decree found, also, that the title of Martha Jackson had passed to James Brazell, O. O. Owens, and J. Coody Johnson and that they were the then owners of the land, entitled to possession and to the impounded royalties, subject to certain claims and undetermined rights not here involved.

Almost two months later (August 13, 1919) appellants asked leave to file an intervention. From a denial of leave this appeal was taken. Appellees filed, in this court, a motion to dismiss the appeal. This motion was based upon two grounds: First, that the order denying leave to file the intervention was not a final order from which an appeal would lie; and, second, that the subject-matter of the intervention had been, subsequent to this appeal, finally adjudicated in the state courts and had become res adjudicata, thus making the refusal of this intervention a purely moot matter.

[1] We turn to a consideration of the first ground of the motion to dismiss. Counsel agree that the law as to this proposition is that, if no substantial legal rights of the interveners are prejudiced by a denial of intervention, then such ruling is within the discretion of the trial judge and not appealable; while if such prejudice would result, the intervention is a matter of right and a denial thereof is, therefore, appealable. Credits Commutation Co. v. U S., 91 Fed. 570, 34 C. C. A. 12; U. S. v. Philips, 107 Fed. 824, 46 C. C. A. 660; Central Trust Co. v. Ry. Co., 218 Fed. 336, 134 C. C. A. 144; Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 156 C. C. A. 448.

[2] The line of cleavage is as to whether the rights of these appel-

lants would or would not be prejudiced by denial of this requested leave to intervene. If the legal rights urged in the desired intervening petition are unimpaired, in a legal sense, the order of denial was discretionary. This must be determined by the substance of the rights alleged by interveners in their proffered petition and by the relation of such rights to those involved in the controversy already before the court. The petition of appellants is necessarily lengthened by historical recitation of facts but the substance of their claim may be summarized as follows: The petitioners, as stockholders of the Black Panther Oil & Gas Company, sue on behalf of all stockholders to enforce the rights of the company against Brazell, Johnson and Owens, to the fee to the land and to the accumulated royalties. The basis of this claim is that Brazell (who was and is president of the company) conspired with Johnson (who was a director) and Owens to use and did use the information and power of his official position and the funds of the company to compromise claims opposed to the title of Martha Jackson and to acquire that title for themselves. The prayer is that these individuals be declared trustees, for the company, of the fee title and of the accumulated royalties, and that they be required forthwith to transfer said land to the company and pay to it all royalty moneys received by them. A pendente lite injunction against collecting any royalty money from the receiver was also asked, with a prayer for general relief.

Consideration of the purposes of this petition, of the purposes of the main suit and of the effect of the decree entered two months before this petition was presented reveals the following: The main action stated was a bill for cancellation of an allotment. When that allotment was sustained, it became a contest over the title thereto and the fruits of that title. The decree determined that title to be in Brazell, Johnson and Owens, as the grantees and assignees of Martha Jackson. Appellants' petition approves the denial to cancel the title, the decree of the title and its results to Martha Jackson and through her to Brazell, Johnson and Owens. It seeks now to have them declared as holding that title and those results as trustees. Did the appellants lose any legal rights through the refusal of the court to hear them in this proceeding or, as said by Judge Sanborn, in Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 30, 156 C. C. A. 448, did they claim an interest in specific property in the exclusive jurisdiction and subject to the exclusive disposition of a court which "can be established, preserved or enforced in no other way than by the determination and action of that court"? If the appellants had never presented their petition, but had waited until the decree had become final, after appeal or otherwise, and until the accumulated royalties had been paid over to Brazell, Johnson and Owens and the receiver discharged, what could have prevented them filing an original bill in any court of proper jurisdiction and having every right claimed in the present petition fully adjudicated and enforced?

Neither appellants nor the issues they seek to raise were before the court in this action and nothing has been determined inimical to their interests. In fact, their interests, as now sought to be presented,

have never been involved in the controversy. As to the funds in the custody of the court, they plead no reason why their interests will be prejudiced by a payment to Brazell, Johnson and Owens. There is no allegation that any of them is insolvent or not responsible to a judgment which might be rendered against them. However proper it might have been for the trial court to grant the intervention, we can see no legal injury to appellants through its denial. The action of the trial court, therefore, was discretionary and the order denying the application to intervene was not a final order from which an appeal could be taken.

This view of the first ground of the motion to dismiss disposes of the appeal and makes it unnecessary to discuss or determine other points presented.

For the above reason the motion to dismiss the appeal is sustained and the appeal is dismissed.