**GUARANTY TRUST CO. OF NEW YORK et al. v. CHICAGO, M. & ST. P. RY. CO. et al.**

(District Court, N. D. Illinois, E. D. October 12, 1926.)

No. 4931.

**1. Appeal and error ⬳66.**

Right of appeal under statute does not extend to orders which are not final decisions on matters in issue.

**2. Appeal and error ⬳363.**

Application for allowance of appeal should be denied, where appeal is either prohibited or not authorized by statute.

**3. Appeal and error ⬳78(2).**

Junior bondholders *held* not entitled to allowance of an appeal from an order denying leave to file petition for intervention in corporate mortgage proceeding.

**4. Appeal and error ⬳358.**

Appeal from order denying petition of junior bondholders for intervention in corporate mortgage foreclosure proceeding will not be allowed as a matter of course.

In Equity. Consolidated suits by the Guaranty Trust Company of New York and another, as trustees, and others, against the Chicago, Milwaukee & St. Paul Railway Company and others. On application of Edwin C. Jameson and others, junior bondholders, for allowance of an appeal from an order denying their petition for leave to inter-

vene. Application for allowance of appeal denied.

See, also, 15 F.(2d) 434.

Davis, Polk, Wardwell, Gardiner & Reed and Edwin S. S. Sunderland, all of New York City, and Tenney, Harding, Sherman & Rogers and Horace Kent Tenney, all of Chicago, Ill., for Guaranty Trust Co. of New York and Merrel P. Callaway, as trustees.

Wilson, McIlvaine, Hale & Templeton, of Chicago, Ill., for United States Trust Co. of New York and Edward W. Sheldon, as trustees.

W. L. Hunter, of Chicago, Ill., for Chicago, Milwaukee & St. Paul Ry. Co.

H. H. Field and Winston, Strawn & Shaw, all of Chicago, Ill., for receivers.

Nathan L. Miller, of New York City, and Weymouth Kirkland, of Chicago, Ill., for Jameson committee.

WILKERSON, District Judge. [1, 2] This is an application for an appeal from the order of this court denying the petition of Edwin C. Jameson and others for intervention. The right of appeal, as given by statute, does not extend to orders which are not final decisions upon the matters in issue. The court should not deny an appeal in a case in which the statute authorizes it. Neither should the court grant an appeal in a case in which the statute forbids it. In the one case, as in the other, the parties are entitled to the intelligent judgment of the court to which the motion is addressed.

The distinction between applications for intervention which are addressed to the discretion of the court and those in which the intervention is a matter of right is stated very clearly in Palmer v. Bankers' Trust Co. (C. C. A.) 12 F.(2d) 747; United States Trust Co. v. Chicago Terminal T. R. Co., 188 F. 292, 296, 110 C. C. A. 270; Minot v. Mastin, 95 F. 734, 737, 37 C. C. A. 234; Credits Commutation Co. v. United States, 91 F. 570, 34 C. C. A. 12.

[3] The application here, in my opinion, under the great weight of authority, is clearly addressed to the discretion of the court. An order denying such an application does not possess the element of finality, and is not appealable. In addition to the cases which I have mentioned above, reference may be made to the case of Credits Commutation Company v. United States, 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782, Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49, and Lewis v. Baltimore & L. R. Co., 62 F. 218, 10 C. C. A. 446.

Reference has been made to the Central Trust Co. Case, 218 F. 336, 134 C. C. A. 144, a case in the Circuit Court of Appeals for the Second Circuit. An examination of that case, however, discloses the facts set out in the application are entirely different from the facts set out in this application, and even there Judge Lacombe, the senior Circuit Judge, in a dissenting opinion, held that the orders were not appealable.

[4] It is contended that, as a matter of correct procedure, the appeal should be allowed as a matter of course, and in support of that proposition reliance is placed upon the per curiam opinion of the Circuit Court of Appeals of the Eighth Circuit, in the case of United States v. Philips, 107 F. 824, 46 C. C. A. 660, a case in which the facts are not at all clear, which seems to have been followed by the Circuit Court of Appeals of the Ninth Circuit. Richfield Oil Co. v. Sawtelle (C. C. A.) 279 F. 851.

The nature of the application is not stated in the Philips Case and it must be borne in mind that, since the decision of the Circuit Court of Appeals of the Eighth Circuit in the Philips Case, that same court has decided in plain and unequivocal terms that an order under facts which are very similar to those in the case here is not in the class of appealable orders. If the motion were to be decided upon a question of procedure, I prefer the view of Judge Dallas, in Pullman's Palace Car Company v. Central Transp. Co. (C. C.) 71 F. 809, to the view of the Circuit Court of Appeals of the Eighth Circuit in the per curiam opinion in the Philips Case.

If the petitioners have a right to appeal from this order, they have a plain, simple, and direct remedy, and one which will not result in useless and perhaps harmful delay, while the question of the right of appeal is being decided by the reviewing court. In case it should be ultimately held by the reviewing court that the right of appeal did not exist, there might be a great deal of needless delay in the case, and in this case it may be very harmful. As a matter of procedure it is perfectly easy, upon a presentation of the application which is here made and the order of the court, to get from the reviewing court, under the authorities, a direct ruling as to whether an order denying leave to file that petition is an appealable order. See Ex parte South & North Railroad Company, 95 U. S. 221, 24 L. Ed. 355; Ex parte Jordan, 94 U. S. 248, 24 L. Ed. 123; Ex parte Zellner, 9 Wall. 244, 19 L. Ed. 665.

The application for the allowance of the appeal is denied, and the order submitted by counsel for the plaintiffs is entered.