165 So. 773

**Ex parte ASHTON.**

**6 Div. 876.**

Supreme Court of Alabama.

Jan. 30, 1936.

Frank L. Parsons and John W. Altman, both of Birmingham, for petitioner.

498

Lange, Simpson & Brantley, of Birmingham, for respondent.

THOMAS, Justice.

This is a petition for mandamus to compel the vacation of an order of consolidation of pending causes growing out of a motorcar collision on the public highway.

The circuit judge so ordering acted under the provisions of section 1 of the act of September 13, 1935, (Gen.Acts 1935, p. 1010), which reads as follows:

"An Act To authorize the Circuit Courts in Counties having a population of 300,000 or more, according to the last or any future Federal census, to make such orders and rules concerning proceedings in causes of like nature, or relative to the same question, as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and to authorize said courts to consolidate said causes when it appears reasonable to do so:

"Be it Enacted by the Legislature of Alabama:

"Section 1: When causes of like nature or relative to the same question are pending before the Circuit Court in the counties having a population of 300,000 or more according to the last or any future Federal census, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so.

"Approved September 13th, 1935."

The uncontroverted answer of the judge contains the following: "That upon a final hearing of said motion due proof was made by the pleadings and interrogatories and answers thereto in both cases that the matters and things complained of in said suits were of like nature or relative to the same question. The respondent further

shows unto the court that due proof was made by the introduction in evidence of the plaintiff's interrogatories and the defendants' answers thereto in the case of Jack E. Ashton vs. H. J. Heinz Company, a corporation, and R. M. Shanks, #90143, that the only theory on which plaintiff could recover in said suit against the defendant, H. J. Heinz Company, a corporation, would be on the theory of respondeat superior. The respondent further shows unto the Court that according to the defendants' answers in said case they denied that the defendant, R. M. Shanks, was acting within the line and scope of his employment at the time of the accident. * * * that in the case of Robert M. Shanks vs. Jack E. Ashton, doing business as Dad's Oatmeal Cookie Company and C. L. Hollingsworth, #90298, due proof was made by the introduction in evidence of the plaintiff's interrogatories and the defendants' answers thereto; that the only theory on which the plaintiff could recover against the defendant, Jack E. Ashton, would be on the theory of respondeat superior. It was further shown unto the Court that C. L. Hollingsworth was driving the truck in which the defendant, Jack E. Ashton, was riding on said occasion, and that Jack E. Ashton owned said truck."

The respective pleadings are made a part of the answer as exhibits, and illustrate the same. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The primary question presented and urged is the constitutionality vel non of the act in question, and, if constitutional, whether the order was within the statute and a sound exercise of judicial discretion?

■ It is established that one assailing a statute has the burden, under the rule that applies, of showing that the statute is offensive to organic law. The rule of the cases is thus stated: "(1) That constitutional provisions designed for the 'security of the elementary rights of life, liberty, and property should be construed liberally in favor of the citizen;' * * * (2) that, where the legislative act in question prescribes a 'rule of purely governmental policy, or relates merely to the conduct and administration of public affairs,' it will not be declared unconstitutional unless it is repugnant to the organic law 'beyond a reasonable doubt.'" Williams, Judge, v.

Schwarz, 197 Ala. 40, 47, 72 So. 330, 333, Ann.Cas.1918D, 869 et seq.

As to the instant statute, the burden is on the petitioner attacking it for unconstitutionality to show beyond a reasonable doubt that it was contrary to organic law.

■ It is further declared that any reasonable presumption will be indulged in favor of its constitutionality to prevent striking down a statute. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; State ex rel. Dally v. Woodall et al., 225 Ala. 178, 142 So. 838; Wages v. State, 225 Ala. 2, 141 So. 707.

■ We are of opinion that this act passed in good faith and is not arbitrary. It is based upon the population classification in question, and is a general law within the meaning of section 110 of the Constitution. The rule that obtains is given expression in Jefferson County v. Busby, supra, and authorities cited; Wages v. State, supra; State ex rel. Dally v. Woodall et al., supra; State ex rel. Shirley v. Lutz et al., 226 Ala. 497, 147 So. 429; Steber v. State, 229 Ala. 88, 155 So. 708; Bell v. Jones, Judge, 223 Ala. 497, 136 So. 826.

In the instant pleading it is shown that on February 19, 1935, petitioner, Jack E. Ashton, filed his suit in the circuit court of Jefferson county, numbered 90143, making H. J. Heinz Company, a corporation, and R. M. Shanks defendants, and in which he sought damages for personal injuries and loss by damages to his automobile-delivery truck caused by the alleged negligent operation by defendant Shanks of an automobile in and about the business and employment of the defendant corporation, and as its agent, acting within the line and scope of his employment, negligently drove the automobile against the motor vehicle in which plaintiff was riding, and as a proximate result of the negligence alleged, the damages and injuries occurred for which suit was brought. It is further alleged in the petition before us, that on September 25, 1935, this cause was set for trial in the circuit court on December 3, 1935.

It is further alleged in Ashton's petition that on March 2, 1935, Robert M. Shanks (a defendant in the aforementioned suit) brought his suit in the circuit court, numbered 90298, making Jack E. Ashton, doing business as Dad's Oatmeal Cookie Company, and C. L. Hollingsworth, defendants, alleging negligent operation of

a motor vehicle by said Hollingsworth as the servant, agent, or employee of said Ashton, doing business as aforesaid, causing injury at the same time and place on the public highway (indicated in the pleadings in the two suits); averred the agency and negligence of Hollingsworth proximately causing the damages for which Shanks sued. This cause was, on the same date and setting as in Ashton's suit against Shanks and the Heinz Company, duly set for trial on December 9, 1935.

It was shown at the hearing of the defendants' motion that both cases resulted from one and the same collision; that the causes were of like nature and related to the same facts of collision on the public highway in another county.

In the suit of Ashton versus Heinz Company, a corporation, and Shanks, attorneys for the defendants moved the court for consolidation of the two pending causes, on the grounds that they were of "like nature and related to the same question, and that in justice, economy, and expedition of work of the court (in) said cases should be consolidated as provided by the laws of Alabama." There was a due hearing on this motion, and the following order was made granting and ordering consolidation:

"11/19/35 Motion granted and cases numbered are consolidated and consolidated with No. 90143 and Plaintiff excepts.
"Thompson, J."

On December 2, 1935, Ashton filed his petition in this court, praying for writ of mandamus to require the vacation of such order of consolidation, and in response thereto the respondent judge duly appeared and contested the same by demurrer and answer. The legal questions argued are duly presented by the petition for mandamus, challenging the propriety of the order of consolidation. Ex parte Green, Superintendent of Banks, 221 Ala. 415, 129 So. 69; Ex parte Green, Superintendent of Banks, 221 Ala. 298, 129 So. 72; Fogleman et al. v. National Surety Co. et al., 222 Ala. 265, 132 So. 317; Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60.

The statute under which the court acted being held free of the constitutional objection urged, the questions of fact presented are whether the action of the court was within the terms of the statute, and whether there was an abuse of the discretionary power declared or reposed in the trial courts of Jefferson county.

The act of September 13, 1935, is in exact terms as the federal statute, except that the federal statute is, by its terms, applied only to the United States and its territories. The purposes of the acts are the same. The Alabama statute has application at the present time only in Jefferson county. It is urged that if the statute is sustained, the facts do not justify the consolidation, and that in this order there was a misapplication of the power conferred and an abuse of judicial discretion.

The general rule authorizing and applied in ordering consolidation of causes at law is, that the different actions shall be pending in the same court, at the same time, between the same parties, and involving substantially the same subject-matter, issues, and defenses. Such is the holding in this jurisdiction in cases ex contractu, for the breach of a contract, and in the trials of the rights of properties. The case of Powell v. Gray, 1 Ala. 77, grew out of liability on account of a bond given by the claimant for the trial of property before a justice of the peace; in Berry et al. v. Ferguson et al., 58 Ala. 314, the several suits were declared upon promissory notes given in the same transaction; and in Wilkinson v. Black, 80 Ala. 329, the several actions were for breach of special contract of employment, and it was said the several suits—all pending at the same time, between the same parties, in the same court, and of such nature as that they could be joined—were properly consolidated; each being an action ex contractu, having been brought on an agreement for the payment of money. The case of Birmingham Flooring Mills v. Wilder & Co., 85 Ala. 593, 5 So. 307, held two or more causes pending in the same court at the same time, between the same parties, and based on similar causes of action ex contractu, may properly be consolidated by order of the court. And in the case of Garrison v. Glass, 139 Ala. 512, 36 So. 725, there were several actions pending at the same time, in the same court, between the same parties, for the alleged breach of the same continuous or unrestricted contract, and held properly consolidated.

The old statute, under which the foregoing cases were tried, is that coming from the Code of 1852, § 2270, and reads as

follows: "Whenever two or more actions are pending at the same time, between the same parties, in the same court, and which might have been joined, the court may order them to be consolidated." It has been brought forward in the same language to the Code 1923, § 9497, and was held to be merely declaratory of the common law. Mahan v. Smitherman, 71 Ala. 563, 566. See Common Law Rule, 1 Chitty on Pleadings, 198; Daniell's Chan.Pl.&Pr.(4th Ed.) 797, 798; Powell v. Gray, 1 Ala. 77; Ex parte Brown, 58 Ala. 536.

In the Mahan Case, supra, an action in assumpsit, there was a consolidation of different causes of action in several counts.

■ The test of the common law, as shown by our early cases, cited above, is that the rule for consolidation does not apply where the several actions could not have been joined in the same declaration or complaint. Birmingham Flooring Mills v. Wilder & Co., Berry et al. v. Ferguson et al., Wilkinson v. Black, Powell v. Gray, supra.

In Southern Ry. Co. v. Clarke et al., 203 Ala. 248, 82 So. 516, an action founded upon the removal of soil along the defendant's right of way, the court declared the right of consolidation of several suits under the statute (Code 1907, § 5358; Code 1923, § 9497) is applicable only to causes pending between identical parties, and not to those pending between a single defendant and plaintiffs' cotenants for conversion of earth, etc.

In Hagan v. Riddle Co., 209 Ala. 606, 96 So. 863, it was pointed out that the statutory proceeding for consolidation was not exclusive of the inherent or implied from the general power of a court of equity in a proceeding in rem, when no personal judgment is sought to order a consolidation in a proper case; and the exercise of such power rests in the sound discretion of the court, which may order consolidation or refuse to do so. Ex parte Brown, 58 Ala. 536; Standard Sanitary Mfg. Co. et al. v. Aird, 221 Ala. 520, 129 So. 285.

■ The effect of the foregoing, and of the better considered general decisions, is that consolidation of different pending actions in the same court should not be granted when the result thereof is to bring about a complication of issues of fact, embarrassment or delay in the trial, difficulty to the parties, the jury, and the court to present or apply the law to the several tendencies of the evidence, or result in prejudice to the rights of the parties. 1 Corpus Juris, 1124, et seq.; Cooper v. Maddan, 6 Ala. 431. See the recent case Reid v. Singer Sewing Mach. Co., 218 Ala. 498, 119 So. 229, in which there is analogy as to issues as affecting the statute, section 9497, Code 1923. It was no doubt the intent of the statute to liberalize the restrictive test of the common law, and was passed for application in a proper case, where the inconveniences, confusion, and injustices pointed out do not obtain.

In the recent case of Bell v. Jones, Judge, 223 Ala. 497, 136 So. 826, 829, there were pending suits in Montgomery and Jefferson counties, founded on a collision on the public highway between the two cities, not within the instant statute, and motion to stay the suits was instituted in Montgomery. All the justices held that "the several suits in question, presented by the petition, are separate and independent; that the parties to be bound are different and sued in different rights; and that the circuit judge was in error in staying or abating the Montgomery county action. The writ will issue to the extent of and for the setting aside, annulment, and cancellation of 'said judgment of April 25, 1931, and to restore said cause to the trial docket of said court,' thereafter to be called and dealt with under the law and procedure obtaining in the circuit court." The facts are well stated in the headnote, as follows: "Collision occurred on a public highway between truck belonging to B., a common carrier, and automobile belonging to A. B. brought a suit against A. to recover damages sustained in collision in J. county. Subsequently A. brought suit against B.'s surety on bond required to be filed with the Public Service Commission pursuant to the Motor Carrier Act, § 5 (Laws 1927, p. 311), for personal injuries and for property damage sustained in same collision. A.'s suit was brought in M. county. Surety in suit later filed interposed a plea in the nature of a plea in abatement alleging that in the event a judgment would be recovered by the common carrier in the suit first filed, such judgment would be res judicata of the issues involved in the suit by A. against the surety, and praying that A.'s suit be stayed pending determination of former suit." 223 Ala. 497, 136 So. 826.

In this holding there is analogy as to the different parties and issues that should

not be confused by the stay of procedure sought.

█ We adopted the federal statute (United States Code Annotated, title 28, § 734, p. 352) with the persuasive construction theretofore placed thereon by the courts of the United States. 25 Alabama and Southern Digest, Statutes, ☞226; Fuller v. Lanett Bleaching Co., 186 Ala. 117, 65 So. 61; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787; Ex parte Sloss-Sheffield Steel & Iron Co. (Greek v. Sloss-Sheffield Steel & Iron Co.), 207 Ala. 219, 92 So. 458; Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311. That construction was, that consolidation of actions rests in the sound discretion of the trial court, exercised within the statute. Mutual Life Insurance Company of New York v. Hillmon, 145 U. S. 285, 12 S.Ct. 909, 36 L.Ed. 706.

In Adler v. Seaman et al. (C.C.A.) 266 F. 828, 831, 832, certiorari denied 254 U. S. 655, 41 S.Ct. 218, 65 L.Ed. 460, the rule is thus stated:

"Consolidation of separate and distinct causes pending in the same court is, in federal courts, authorized by section 921 of the Revised Statutes [28 U.S.C.A. § 734]. In its conception that statute was designed for the sole purposes of saving the time of the court and the costs to the litigants. As originally enacted in 1813 (3 Stat. 21) it was one of three sections in an act dealing with costs. Under its beneficent provisions, not only may cases affecting the same property, title, res, or fund be thus brought together and tried at one time, but cases unrelated in right or liability, but connected by some common controlling issues or facts, which can conveniently be heard and determined by a jury or a chancellor at one hearing. * * *

"Consolidation is in no wise mandatory, but the advisability of such an order is based upon the practical administration of justice and the economical and convenient disposition of the cases in the trial court. It is therefore a matter of judicial discretion. But the statute has in terms limited the exercise of this discretion to cases 'of a like nature or relative to the same question'; also this discretion, even within the above limits, is judicial, not arbitrary, and there must be some indication of 'avoiding unnecessary costs or delay in the administration of justice,' and some basis that such action is 'reasonable' as required

by the statute. Since consolidation of independent cases is lawful only under this statute, litigants are deprived of legal rights if their causes are consolidated outside the terms of the statute, to their injury, and the appellate courts of the United States have often examined orders of consolidation."

In Central Trust Co. of New York v. Virginia T. & C. Steel & Iron Co. (C.C.) 55 F. 769, 771, Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S.Ct. 286, 38 L. Ed. 98, it was held: "The foregoing statement of the facts presents the questions involved in such a confused and unsatisfactory condition as to require the court to separate the several matters at issue, and consider them in their respective relations to the several causes. The causes are certainly not such, in their present condition, as can be consolidated and heard together. The interests involved in the several suits pertain to separate and distinct corporations, as far as the same appear from the record. The parties are different. The complainant in one of the causes appears as defendant in another of the causes; and the complainant in the two other causes brings suits against separate and distinct defendants in each of said causes."

In Davis v. St. Louis & S. F. Ry. Co. (C.C.) 25 F. 786, Mr. Justice Brewer thus states the federal practice: "It is the common practice in the federal courts to consolidate cases between the same parties, or between the same interests, wherever time, labor and expense can be saved. For instance, if a party sues in different actions on half a dozen different notes against the same defendant, while they are separate causes of action, yet the courts are wont to consolidate them if it appears that the same questions are in issue, and that time, labor, and expense will be saved by consolidation. But they do not consolidate simply because the cases are between the same parties or upon kindred causes of action. If it is apparent from the pleadings, or otherwise, that no economy of time and labor would result from a consolidation, the courts are very apt to let the cases stand as the parties have brought them."

The federal statute has been applied in personal injury actions as follows: Where separate actions against the same defendants in the same court for injuries sustained in the same accident, depending on the same evidence, and different only in

the extent or nature of injuries, held properly consolidated under the statute in Denver City Tramway Co. v. Norton et al. (C.C.A.) 141 F. 599; Diggs v. Louisville & N. R. Co. (C.C.A.) 156 F. 564, 14 L.R.A. (N.S.) 1029; American Window Glass Co. v. Noe (C.C.A.) 158 F. 777. Consolidation for trial of two actions at law, to recover injuries to plaintiff caused by defendant's automobile at the same time, held within the discretion of the court. Mankin v. Bartley (C.C.A.) 266 F. 466; Id., 254 U.S. 631, 41 S.Ct. 7, 65 L.Ed. 448. Consolidation of separate actions by the mother and by the father of a minor to recover for their losses occasioned by the death of the son, since each right of action arose out of the same transaction and involved practically the same evidence, upheld in Woodstock Operating Corporation v. Young (C.C.A.) 268 F. 278. Suits to enjoin interference with business, as in International Organization, United Mine Workers of America et al. v. Red Jacket Consol. Coal & Coke Co. (C.C.A.) 18 F. (2d) 839.

The authorities are further to the effect that suits consolidated remain separate as to parties, pleadings, and judgments, unless otherwise directed by the court under the law. Toledo, St. L. & K. C. R. Co. et al. v. Continental Trust Co. et al. (C.C.A.) 95 F. 497, certiorari denied 176 U.S. 219, 20 S.Ct. 383, 44 L.Ed. 442; see authorities collected in notes, 28 U.S. C.A. § 734, pages 352–358. Such are the persuasive constructions and applications given the federal statute before the time of its adoption by the Legislature of this state.

We are not impressed from the averred facts that there was an undue complication of issues that would embarrass the respective parties, counsel, court, or jury in the introduction of the evidence and the application of the law thereto; nor that the consolidation prejudiced the rights of the parties as that such was the probable result.

We hold there was no misapplication of the effect of the statute, and no abuse of judicial discretion in making the order of consolidation. The writ is therefore denied.

Writ denied.

All the justices concur, except ANDERSON, C. J., not sitting.