5 So.2d 637

**Ex parte MOUNT.**
6 Div. 919.

Supreme Court of Alabama.
Jan. 15, 1942.

Hugh A. Locke, of Birmingham, for respondent.

## BROWN, Justice.

This is an original petition for mandamus seeking to review an order of the circuit court of Jefferson County, the Honorable Whit Windham, Judge presiding, overruling the petitioner's motion to consolidate, for the purposes of a trial, four suits pending against him in said court with a suit brought by him against M. P. Hannon.

All of said suits, as the petition alleges, and the answer of the trial judge admits, arise out of a collision between the auto-

Wilkinson & Skinner, of Birmingham, for petitioner.

mobiles of the petitioner and said Hannon and are for personal injury and property damage, in consequence of alleged negligence of the driver of each car. Three of the suits against petitioner are by persons who were in Hannon's car at the time of the collision, either as passengers or invitees. The other is by Hannon against petitioner. The motion to consolidate was made in the four suits against the petitioner, and at the time the motion was filed the pleadings in each of the several suits consisted of the complaint and a demurrer thereto. Notice of the motion and the date set for hearing the same was served on the attorney of record for said plaintiffs. The motion was denied by the court, without prejudice to the right of the petitioner to renew it when, and if, it developed that an issue of contributory negligence would be presented in all of said cases.

The motion is rested on § 221, Tit. 7, Code of 1940, which provides: "When causes of like nature or relative to the same question are pending before the circuit court in counties having a population of three hundred thousand or more according to the last or any future federal census, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The point is made by demurrer filed to the petition that said plaintiffs in the suits filed against petitioner are not made parties to this proceeding. No request was made for submission on the demurrer. The point, however, is without merit. Under the uniform practice, long prevailing in this court, the interest of the parties adverse to the petitioner is represented through the pleadings and answer of the trial judge who has no interest other than to present the facts and questions of law arising out of the facts. The notice of the motion and the time and place of the hearing in the trial court was all that was requisite to satisfy due process of law.

Said § 221, Tit. 7, Code of 1940, originated in the Act of the Legislature of September 13, 1935, General Acts, 1935, p. 1010. The constitutionality of said act was questioned in Ex parte Ashton, 231 Ala. 497, 165 So. 773, 774, 104 A.L.R. 54. It was there observed: "The primary question presented and urged is the constitutionality vel non of the act in question, and, if constitutional, whether the order was *within the statute* and a sound exercise of judicial discretion?" [Italics supplied.]

It was there ruled that said act was constitutional and evidenced a legislative intent to adopt the federal rule expressed in § 734, Tit. 28 U.S.C.A., and its interpretation, into our procedural law.

The settled interpretation and application of the federal statute at the time of the enactment of our statute was that a motion to consolidate under said statute was addressed to the sound discretion of the court, and that an order of consolidation did not destroy the identity of the several causes of action or combine them into one suit, but the causes of action remained separate and distinct and required separate verdicts as to each. Mutual Life Insurance Company v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706; Annotations, U.S.C.A. Tit. 28, § 734, P. 357.

It was also the settled rule that the exercise of the discretion by the court in granting or refusing a motion to consolidate was not reviewable by mandamus. Lewis v. Baltimore & L. R. Co. et al., 62 F. 218, 10 C.C.A. 446, 449. The circuit court of appeals, fourth circuit, in that case made this observation:

"With regard to the motion for consolidating the case of Street v. The Central Maryland Railroad Company with that of Lewis, Trustee, v. The Central Maryland Railroad Company, this was addressed to the discretion of the court and was wholly within its discretion. Rev.St.U.S. § 921, [28 U.S.C.A. § 734]. We cannot, by mandamus, interfere with the circuit court in this exercise of its discretion." 62 F. at page 221, 10 C.C.A. at page 449.

In Ex parte Ashton, supra, the point involved was more than one of discretion. There it was a question of the power and authority of the court to make the order, and this depended on the constitutionality of the statute under which it was made. It was there ruled that the statute was valid, that it was in effect an adoption of the federal rule and its interpretation that "consolidation of actions rests in the sound discretion of the trial court, exercised within the statute." Ex parte Ashton, supra.

Ex parte Green, Superintendent of Banks, 221 Ala. 415, 129 So. 69, involved the consolidation of two bills pending in equity, and was prior to the enactment of

the statute now § 221, Tit. 7, Code of 1940. The question there involved was one of power and authority of the court to consolidate the two cases in one, and the court ruled that the court was without authority to do so. That case is not an apt authority here.

In the light of our former rulings as indicated above and the interpretation of the statute by the federal courts, we hold that if the order made by the nisi prius court is within the letter and spirit of the statute, whether it be one consolidating or refusing to consolidate, the court's discretion can not be controlled by mandamus. If the order sought to be reviewed is not within the statute, but constitutes an arbitrary abuse of judicial power, mandamus will lie to review such order.

The order of the circuit court brought in question does not appear to be arbitrary, was within the power contemplated by the statute, and mandamus will not lie to revise the court's discretion.

Writ of mandamus denied.

GARDNER, C. J., THOMAS, and FOSTER, JJ., concur.