20 So.2d 721

**Ex parte BEARD et al.**

6 Div. 299.

Supreme Court of Alabama.

.Dec. 14, 1944.

Rehearing Denied Jan. 25, 1945.

Wm. Conway, of Birmingham, for petitioners.

Ralph E. Parker, of Birmingham, for respondent.

BROWN, Justice.

This is an original petition for writ of mandamus to require the Circuit Court of Jefferson County, Hon. George Lewis Bailes, as Circuit Judge presiding, to vacate an order consolidating the petitioners' cases to be tried as one case before the same jury; and to require the circuit court "to make and enter an order in each of said causes forever discharging petitioners from further prosecution in this cause."

Upon the filing of the petition the issuance of rule nisi was waived by the respondent and he answered. The case was submitted on the petition and exhibits and on the answer and exhibits. The averments of the answer not being controverted as to matters of fact will be taken as true. Code 1940, Tit. 7, § 1073; Lee v. Cunningham, 234 Ala. 639, 641, 176 So. 477.

The ordinance under which petitioners were each arrested and tried in recorders' court makes it unlawful for any person to possess a "ticket, writing, paper, slip, document, memorandum, list, article, matter or thing of any nature or kind whatsoever, which is customarily or usually used in the operation of a lottery, policy game or game of chance of any sort or kind, or which is of a kind which is customarily used in the operation of a lottery, policy game, or other game of chance of any sort of kind, * * *." General City Code of Birmingham, 1944, § 600, p. 202, which is a codification of Ordinance 258-F, attached to the answer of respondent.

Each of defendants executed an appeal bond, appealing his or her case to the circuit court as authorized by Code 1940, Tit. 37, § 587, and said appeal bonds were filed in the circuit court, and said causes were each separately docketed therein. No transcript of the proceedings before the recorder has ever been filed and, so far as

appears, no complaint was filed in either the recorders' court or in the circuit court.

Section 1049, Code of said City (§ 5726, Code 1930), provides that: "When any person is arrested, with or without a warrant, for a violation of any city ordinance or law, it is the duty of the officer making the arrest to forthwith bring such person before the recorders' court, or to deliver him to the city warden, who shall detain him in custody until he can be brought before such recorders' court to be dealt with according to law, unless such person shall give bond, * * *. On giving such bond, such person shall be discharged from custody, but the approving officer shall forthwith deliver such bond to the recorders' court."

Section 1052 of the present city code (§ 4920, Code 1930) provides, inter alia, "* * * No statement of the offense need be made other than that contained in the affidavit or warrant of arrest, and if the defendant has been arrested without a warrant, the entry on the docket of the offense charged shall be treated as such statement, unless the defendant shall demand a written complaint. * * *."

The answer asserts that in the 1930 Code of the City of Birmingham, Section 4924 provides that when two or more persons are charged with the same act or offense, "They must if practicable be prosecuted and tried jointly so as to have but one trial; provided, however, that on the application of a defendant the Recorder may when satisfied that justice requires it try the cases separately. The eight petitioners were tried in recorders court in less than two hours jointly and no severance was demanded. * * *." This ordinance, in substance, is the same as Section 1053 of the present city code.

Section 1054, City Code 1944 (§ 5737, Code 1930) provides: "When any person who is convicted and fined or fined and sentenced to hard labor for a breach of any city ordinance or law, fails to pay the fine and costs, the recorder may commit him to custody or to hard labor on the streets or other works of the city until such fine and costs are paid, or such hard labor is performed, * * *." Embodied in this section is a form of judgment to be rendered by the recorder and signed by him.

The respondent justifies his entering the order consolidating said cases for trial as one case on the ground that, "It is the opinion of respondent that all eight petitioners could be tried fairly and justly before one jury within a day, whereas if a separate trial were given to each petitioner eight separate juries would have to be empanelled, eight trials would be required, all the witnesses would necessarily have to return on separate days over a long period of time, and thereby, additional unnecessary costs would be incurred, and eventually, perhaps, there would be eight separate appeals to the appellate courts, when one would suffice."

The respondent also contends that Section 221, Tit. 7, Code 1940, authorized the consolidation of said eight cases. The last cited section of the code relates to procedure in civil actions at law and is not applicable to criminal prosecutions or prosecutions which are quasi criminal, which are governed by the law of criminal procedure.

The sine qua non of the offense denounced by the ordinance is the possession of any ticket, writing, etc., an offense in its nature which can not be committed jointly by two or more persons. The eight appeal bonds, without more, were sent up by the city, and said eight cases were docketed and separately numbered, and as such were each set for trial as a separate prosecution. We are of opinion that each of said defendants was entitled to a separate trial. The rights of defendants, who if convicted are subject to fines or hard labor, should not be lost sight of in an effort to speedily dispose of judicial business.

The circuit court erred in entering the order consolidating said eight cases to be tried as one. Unless the respondent is content to set aside and vacate said order, upon being advised of this opinion, the writ of mandamus will issue.

The other phase of the petition which seeks to discharge defendants is based upon the provisions of § 587, Tit. 37, Code 1940, which provides inter alia: "When an appeal is taken, as provided for herein, said appeal shall be filed by the city in the court to which said appeal is returnable within sixty days; and if the city shall fail to file said appeal within said time, the city shall be deemed to have abandoned the prosecution of said cause, and the defendant shall not be required to further answer

or appear, and the bond shall thereafter be void."

We are of opinion that the filing of the appeal bond meets the requirements of the quoted provisions of the statute. Ex parte State ex rel. Attorney General (McLosky v. State), 210 Ala. 458, 98 So. 708; Chaney v. City of Birmingham, ante, p. 147, 21 So.2d 263.

Writ of mandamus granted conditionally.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

There are three decisions by this court interpreting and applying the provisions of the statute authorizing the consolidation of "causes of like nature or relation to the same question," pending in the Circuit Court of Jefferson County. Two dealt with common law actions for damages growing out of automobile collisions and the other a bill in equity. The first, Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L.R. 54, was an original application here for mandamus to compel the circuit court to vacate an order consolidating two pending actions for damages growing out of the same automobile collision, in each of which negligence was the basis of the cause of action. The court held that said cases were within the influence of the statute and that the motion to consolidate was addressed to the discretion of the trial court and would not be reviewed on mandamus in the absence of showing the court had abused its discretion. The second, Altman v. Barrett et al., 234 Ala. 234, 174 So. 293, 295, was a bill in equity to quiet title, wherein the court said: "* * * When he [complainant] files a suit as to various tracts alleging that each has a cloud on it by virtue of a separate fraudulent conveyance to a different party, involving separate transactions and parties, his bill is multifarious. * * *. [Brackets supplied.]

"When so, and a demurrer is sustained to it, whether on that ground or not, it should not be transferred to the law docket under section 6486, Code [Code 1940, Tit. 13, § 149], since it is not of such sort that the suit could proceed at law. After such transfer it would be subject to the objection that there is a misjoinder. For under the Act of September 13, 1935 (Gen. Acts 1935, p. 1010 [Code 1940, tit. 7, § 221]), the court should not permit a joinder or order a consolidation such as will bring about a complication of issues of fact, embarrassment or delay in the trial, (and) difficulty to the parties, the jury, and the court.' Ex parte Ashton, 231 Ala. 497, 501(8), 165 So. 773, 776, 104 A. L.R. 54."

The third and last case, Ex parte Mount, 242 Ala. 174, 5 So.2d 637, was an original petition for mandamus to compel the Circuit Court of Jefferson County to make an order of consolidation of two or more actions growing out of the same automobile collision. The court held in that case that this controversy was within the statute, but the question as to whether or not the order should be made in the circumstances stated in that opinion was addressed to the sound discretion of the trial court and the court's refusal to make the order of consolidation could not be reviewed by mandamus.

In Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L.R. 54, the opinion quoted from the case of Adler v. Seaman et al., 8 Cir., 266 F. 828, 830, (a bill in equity) and an examination of the opinion in that case shows that the part quoted was from a dictum. The court was dealing with interventions in equity and the opinion observed: "The motions to which this order responded were expressly based upon equity rule 37 [Code 1940, tit. 7 Appendix] * * *. The words of each motion are, in this respect, identical and are 'to treat said cause No. 5068 (Adler suit) as an intervention in said cause No. 4820 (Seaman suit), and to consolidate the same under equity rule 37 with said cause No. 4820 * * *.'" The part quoted from the dictum is as follows:

"Consolidation of separate and distinct causes pending in the same court is, in federal courts, authorized by section 921 of the Revised Statutes [28 U.S.C.A. § 734]. In its conception that statute was designed for the sole purposes of saving the time of the court and the costs to the litigants. *As originally enacted in 1813* (3 Stat. 21) *it was one of* three sections in an act dealing with costs. Under its beneficent provisions, not only may cases affecting the same property, title, res, or fund be thus brought together and tried at one time, but cases unrelated in right or

liability, but *connected by some common controlling issues or facts,* which can conveniently be heard and determined by a jury or a chancellor at one hearing. * * * " [Italics supplied.]

■ The question presented in the instant case is whether or not these eight prosecutions for violating municipal ordinances are within the influence of Section 221 above cited. The respondent insists that inasmuch as our act was in substance the same as the Federal Statute that we are bound by the Federal decisions applying that statute to criminal cases, and to sustain this proposition cites Jarvis v. United States, 1 Cir., 90 F.2d 243, decided in May, 1937, certiorari denied Oct. 11, 1937, 302 U.S. 705, 58 S.Ct. 25, 82 L.Ed. 544. Those cases are without influence for the reason that they were decided after the enactment of our statute, now Section 221, Tit. 7, Code 1940.

In Brown et al. v. United States, 143 F. 60, 62, Judge Van Devanter, then on the Eighth Federal Court of Appeals, afterwards on the Supreme Court of the United States, observed: "Over the objections of the defendants, the three indictments were tried together. A separate verdict of guilty was returned on each of the seven counts and a single and separate sentence was given for the offenses charged in each indictment. * * * The court was invested with a discretion to direct that the indictments be thus tried together *independently of any statute upon the subject* (Logan v. United States, 144 U.S. 263, 306, 12 S.Ct. 617, 36 L.Ed. 429), and this discretion was not affected by the limitation in section 5480 because it has reference to the joinder of offenses in such manner as will upon the trial restrict the rights of the defendant to what they would be if he were being tried for a single offense, and not to a joint trial of separate indictments in which the defendant is accorded all the rights to which he would be entitled if the indictments were tried separately. * * * " [Italics supplied.]

In Logan v. United States, 144 U.S. 263, 295, 296, 12 S.Ct. 617, 627, 36 L.Ed. 429, it was observed: "Congress has enacted that, 'when there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and, if two or more indictments are found in such cases, the court may order them to be consolidated.' Rev.St. § 1024 [18 U.S.C.A. § 557]."

In McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 33, 41 L.Ed. 355, the court speaking through Chief Justice Fuller observed: "While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained where the parties are not the same, and where the offenses are in nowise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions. The order of consolidation was not authorized by statute and did not rest in mere discretion."

So far as we have been able to find, consolidation of criminal cases had never been authoritatively rested upon Section 734, Tit. 38, United States Judicial Code (U.S.C.A.) by a court of last resort, prior to the enactment of our statute in 1935, Code 1940, Tit. 7, § 221, and our statute must be interpreted in the light of the practice and terminology applied to prosecutions of this character by our court.

■■ As stated in the original opinion, *actual possession* of the prohibited document, is the very gist of the offense denounced by Section 600 of the City Code of Birmingham. This is demonstrated by the fact that said section provides that: "The *possession* forbidden by this section shall not apply to possession had by a police officer, sheriff, deputy sheriff or other peace officer, judge or attache of a court or an attorney when such possession is connected with the prosecution or other investigation of a violation of this section." [Italics supplied.] Each such *possession* within the condemnation of the ordinance constitutes a separate and distinct act or transaction and each person charged is entitled to a separate verdict and a sep-

arate judgment of acquittal or conviction. The terminology applied to proceedings for violations of criminal ordinances is "a prosecution," and the municipality, on grounds of public policy, is not liable for costs incurred in such prosecution. City of Selma v. Stewart, 67 Ala. 338, 340; Town of Camden v. Bloch, 65 Ala. 236; City Council of Montgomery v. Foster, 54 Ala. 62.

In such "prosecution" the defendant has a right under the constitution to demand the nature and cause of the accusation, and for such offense a warrant cannot issue for an arrest without oath or affirmation showing probable cause. Rhodes v. McWilliams, 16 Ala. App. 315, 77 So. 465; Ex parte Rhodes, 202 Ala. 68, 79 So. 462, 1 A.L.R. 568; City of Selma v. Stewart, supra; Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836, 13 Ann. Cas. 1131. In such case, where the person is arrested without warrant, he cannot lawfully be imprisoned by the municipal authorities without judicial intervention, "unless circumstances rendered his imprisonment necessary." Hayes v. Mitchell, 69 Ala. 452. And at the end of the prosecution, if the defendant is convicted, he is subject to involuntary servitude, hard labor, or fine and imprisonment, as a punishment for the offense.

The municipality, not being subject to a judgment for costs when it fails to secure a conviction, should not be disturbed about costs. If the defendant is convicted, he can be compelled to pay the costs or required to work them out with his fine.

The court is created and exists for the sole purpose of administering justice without regard to time or costs and "without sale, denial or delay." Constitution 1901, § 13.

In the light of this history, we are persuaded that, the legislature did not intend that said section 221 should be applied to such prosecutions, and that the order of the circuit court consolidating the eight prosecutions was improvident, ill-advised and should be vacated. A peremptory writ of mandamus, therefore, is hereby ordered to issue, requiring the vacation of the order of consolidation.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, and SIMPSON, JJ., concur.