24 So.2d 415

**Ex parte CALLAWAY.**

**6 Div. 420.**

Supreme Court of Alabama.

Jan. 17, 1946.

Taylor, Higgins, Koenig & Windham, of Birmingham, for respondent.

**BROWN, Justice.**

This is an original application by Merrel P. Callaway, as trustee of the Central of Georgia Railway Company, by petition to this court, for the issuance of the writ of mandamus to the Circuit Court of Jefferson County, Hon. J. Russell McElroy, Judge Presiding, to require said court to vacate an order denying petitioner's motion to consolidate case number 9299-X (James L. Dodd, as Administrator of the Estate of Alma Dodd, deceased, against said petitioner) with case number 10167-X (A. C. S. Chevrolet Co., Inc., a corp., against petitioner). Both of these cases arise out of the same accident, occurring on the 9th of September, 1943, at a railroad crossing in the City of Birmingham, in which plaintiff's intestate in the first case lost her life; and the automobile, which she was driving (the property of the Chevrolet Company), was badly injured and damaged when it came in contact with a train operated on said railroad by the petitioner, as trustee, by and through his agents and servants.

The first suit is under the homicide act, and the other involves a common-law liability alleged to have resulted from the negligence of the operative of said train.

The court after hearing preliminary proof denied the motion, which was filed

Sadler & Sadler, of Birmingham, for petitioner.

under the provisions of § 221, Title 7, Code 1940.

It is now settled that if the cases sought to be consolidated fall within the influence of said section of the code and the power conferred on the court by said section, the question as to whether such consolidation will be made or denied, is a matter of sound judicial discretion, not reviewable by mandamus in the absence of

gross abuse. Ex parte Mount, 242 Ala. 174, 5 So.2d 637; Ex parte Beard, 246 Ala. 338, 20 So.2d 721.

It appears from the preliminary proof made to the court that said cases fall within the influence of the statute and the power granted thereby, and that the ruling of the court is consistent with subsection (c) of factor 1, and subsection (e) of factor 2 of Circuit Court Rule 18-D, adopted by the court as authorized by said § 221 of the code.

The judge filed answer to the petition waiving issuance of the rule nisi, in which said Rule 18-D was pleaded, and said answer has not been controverted. We are not of opinion that a case for the issuance of the writ of mandamus is made.

Writ denied and petition dismissed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.