25 So.2d 171

### Ex parte MONTGOMERY.

6 Div. 421.

Supreme Court of Alabama.

March 7, 1946.

Chas. W. Greer, of Birmingham, for petitioner.

John C. Morrow, of Birmingham, for respondent.

LAWSON, Justice.

This is an original petition in this court seeking mandamus to the Honorable John C. Morrow, as Judge of the Circuit Court of Jefferson County, Alabama, to require him as such Judge to set aside an order overruling petitioner's motion to consolidate Case No. 10148–X (William W. Mont-

gomery v. Par Value Loan Company et al.) with Case No. 11332–X (William W. Montgomery v. Abe Berkowitz); and to require him to enter an order granting said motion to consolidate said cases.

■■ Rule nisi having been issued by this court, the respondent Morrow has filed demurrers to the petition and has also answered. The answer of respondent has not been controverted by petitioner, therefore it will be taken as true. Ex parte State ex rel. Brittain et al., 237 Ala. 164, 186 So. 148; Ex parte Davis, 230 Ala. 668, 162 So. 306; Ex parte Beard et al., 246 Ala. 338, 20 So.2d 721. While it is not improper for pe titioner in mandamus proceedings to interpose demurrers to answer of respondent, it is not necessary under our practice, inasmuch as the sufficiency of an answer in such proceedings will be considered by this court without further pleading. If the answer is sufficient, the writ will be denied; if insufficient, peremptory writ will be granted. Longshore, Judge v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Helms v. Alabama Pension Commission, 26 Ala. App. 460, 163 So. 805.

Montgomery, petitioner here, is plaintiff in both of the cases sought to be consolidated. Both suits involve the same garnishment which he alleges was wrongfully, maliciously and without probable cause issued out of the Intermediate Civil Court of Birmingham. Petitioner first brought suit against Par Value Loan Company (Case No. 10148–X) charging it with the responsibility of having the garnishment run. Par Value Loan Company, in answer to petitioner's interrogatory, stated that it did not issue the garnishment but that, according to its information, an attorney whom it had employed to collect a debt owed by petitioner had made affidavit and caused the garnishment to be run. Thereupon, Montgomery (petitioner) filed suit against Abe Berkowitz, an attorney at law (Case No. 11332–X), charging him with the responsibility of having caused the garnishment to be issued. Berkowitz, in reply to petitioner's interrogatory asking whether he was authorized by the Par Value Loan Company to make the affidavit for garnishment, stated: "I had not been specifically instructed by the Par Value Loan Company to make affidavit for garnishment in this particular case but the authority to do so and the implicit instruction therefor was based upon my general representation of this firm and particularly with respect to its collections, it being understood by them that, after obtaining judgments against their debtors, I was to run garnishments upon the employers of such debtors and to make and execute any and all papers necessary for the purpose unless they specifically requested that I not do so, as for instance, in cases where, after judgment had been obtained, the debtor had made satisfactory arrangements for payment, thereby oblivating (sic) the necessity for garnishment."

The court, after hearing preliminary proof, denied the motion which was filed under the provisions of § 221, Title 7, Code 1940.

The answer of respondent shows that the refusal to grant consolidation of these cases was based upon the judgment of the trial court, after hearing the facts presented on the hearing of the motion, that consolidation would result in prejudice to at least one of the defendants; that, under consolidation, evidence would be admissible against one of the defendants which would not be admissible against the other defendant and would probably result in prejudice to the other such defendant; and the court was of the opinion, on such hearing, that there would not be any costs or delay avoided by consolidation, and that it was not reasonable so to consolidate said causes.

In the answer filed by the respondent, the pertinent provisions of Circuit Court Rule 18-D, adopted by the court as authorized by § 221, Title 7, Code 1940, were pleaded.

■ It appears from the preliminary proof made to the trial court that said cases fall within the influence of the statute and the power granted thereby, and that the ruling of the court is consistent with subsection (f) of Factor 2 and Factor 4 of the said Circuit Court Rule 18-D.

■ The recent decisions of this court hold that if the cases sought to be consolidated come within the influence of § 221, Title 7, Code 1940, and the power conferred on the trial court by said section, the question as to whether such consolidation will be made or denied is a matter of sound judicial discretion, not reviewable by mandamus in the absence of an arbitrary abuse of judicial power. Ex parte Merrel P. Callaway, ante, p. 340, 24 So.2d 415; Ex parte Mount, 242 Ala. 174, 5 So.2d 637; Ex parte Beard et al., 246 Ala. 338, 20 So.2d 721.

The order of the circuit court here brought in question does not appear to be arbitrary, was within the power contem-

plated by the statute, and mandamus will not lie to revise the court's discretion.

Writ of mandamus denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.