64 So.2d 829

### Ex parte MULLINS.

6 Div. 476.

Supreme Court of Alabama.

April 23, 1953.

Huey, Welch & Stone, Bessemer, for respondent.

SIMPSON, Justice.

Petition for mandamus to require the Honorable Gardner Goodwyn, Sr., as Judge of the Tenth Judicial Circuit of Alabama, Bessemer Division, to vacate an order granting a motion to consolidate the following civil actions at law pending in that court:

No. 10455 Mrs. Josie D. Mullins as Administratrix, etc., v. Sellers and Hagewood;

No. 10456 Mrs. Josie D. Mullins v. Sellers and Hagewood;

No. 10427 Grover C. Minor v. Sellers and Hagewood; and

No. 10429 Mrs. Grover C. Minor v. Sellers and Hagewood.

Hare, Parsons, Wynn & Newell, Birmingham, for petitioner.

The order granting the motion to consolidate was made pursuant to the provision

of § 221, Title 7, Code 1940, applicable to Jefferson County. The statute reads:

"When causes of like nature or relative to the same question are pending before the circuit court in counties having a population of three hundred thousand or more according to the last or any future federal census, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The foregoing provision is a replica of the federal statute long prevailing and comes to us with the interpretation accorded it by the federal courts, and has been held constitutional by this court. Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L.R. 54; Ex parte Mount, 242 Ala. 174, 5 So.2d 637.

■ The question of whether or not there shall be a consolidation of causes within the terms of the statute is said to be a matter of judicial discretion of the trial court, but our cases seem to be slightly at variance with respect to the rule of review in such cases, some declaring that this discretion will be reviewed by mandamus in cases of gross abuse, Ex parte Callaway, 247 Ala. 340, 24 So.2d 415; Ex parte Ashton, supra, and others only where the order of consolidation is without the terms of the statute, thereby resulting in an arbitrary abuse of judicial power, Ex parte Mount, supra; Ex parte Beard, 246 Ala. 338, 20 So.2d 721; Ex parte Montgomery, 247 Ala. 497, 25 So.2d 171. In view of the whole history of the statute in the light of the federal decisions, we think the first above principle a proper premise upon which to undertake a review, and as thus stated in Ex parte Callaway, supra, 247 Ala. 341–342, 24 So.2d 416:

"* * * if the cases sought to be consolidated fall within the influence of said section of the code and the power conferred on the court by said section, the question as to whether such consolidation will be made or denied, is a matter of sound judicial discretion, not reviewable by mandamus in the absence of gross abuse."

The question therefore is, Did the respondent judge grossly abuse the discretion vested in him in ordering consolidation of the cases?

The litigation arose over a collision of an automobile driven by Grover C. Minor in which his wife, Mrs. Grover C. Minor, and Mr. and Mrs. Mullins were guest passengers, with a dump truck driven by defendant Sellers as the agent, servant or employee of defendant Hagewood. The gravamen of the wrong complained of in the several complaints is the negligence of the driver of the dump truck and the defendant contended Grover C. Minor, driver of the automobile, was guilty of contributory negligence.

Mr. Mullins was killed in the wreck and the case first above is by his administratrix under the homicide act. The next case is by Mrs. Mullins for personal injuries. These two plaintiffs filed objections to the consolidation of the causes. The plaintiffs in the other two cases are represented by different counsel and have made no objection to the consolidation.

Briefly, the objections to consolidation and on which the petition here is sought to be rested are that there are different rules of negligence governing the case of Grover C. Minor, driver of the automobile, and the other cases where the plaintiffs were guest passengers; that the injuries to the respective passengers were different with respect to their seriousness; that suit by the administratrix for the death of Mr. Mullins is under the homicide act where punitive damages govern, whereas damages in the other cases for personal injuries are merely compensatory; that the suit of Grover C. Minor includes property damage to his automobile; that the cases of the petitioners are brought by different counsel from those representing the Minors and consolidation would prevent petitioners from having the usual number of strikes in selecting the jury; that all parties would be handicapped by so many lawyers representing different parties in the conduct of the case, and that consolidation would render the

written and oral charges of the court confusing. All of these objections have been sufficiently answered in previous decisions where this court refused to review by mandamus the discretion of the trial court or to revise its order making or refusing consolidation.

The answer of the respondent to the rule nisi also, in our view, suffices to demonstrate that it would be out of order for this court to review his action in the premises. His answer substantially is: The causes of action sued on arose out of the same automobile accident and are all based on the same and identical alleged negligence of the defendant; that respondent, now a supernumerary circuit judge since August 1, 1950, had for some twenty-one years served continuously as presiding judge of that circuit, sitting at Bessemer, and in making the order of consolidation fully understood all of the issues which would or could be presented; that prior to his incumbency as circuit judge he had practiced law before the Bessemer bar since 1906 and during his years as practicing attorney and as circuit judge cases were even consolidated before the enactment of the statute in 1935 by agreement of parties, and since enactment of the statute it had been and is the practice of the circuit court at Bessemer to consolidate all tort cases arising out of the same transaction or event and satisfactory results had always occurred without prejudice to the parties; that while serving as circuit judge, respondent had consolidated a considerable number of cases under the statute of a similar status as the ones at bar and he had found from this experience that such consolidation had resulted in no injustice to the parties and had greatly facilitated the work of the court; that the jury trying such consolidated cases had fully understood the issues and by their verdicts had responded intelligently to the same; that the issues which will be presented by the instant cases are not so involved or difficult that they cannot be sufficiently explained to a jury by the trial court in his charge. As an example to sustain this thesis, the respondent made reference to a situation where at one time previously he had ordered consolidated several cases in which one of the counsel for the petitioners here was of counsel representing the plaintiffs in those cases and no objection was made to the consolidation. The facts of that consolidation were that a truck owned by a local Texaco gasoline distributor, hauling gasoline, collided with an automobile in which were riding four people, including the driver, all of the occupants of the automobile having been killed and the truck having turned over and caught fire, the fire spreading and burning a third vehicle parked nearby; a bystander rushed to the burning gasoline truck and extricated the driver, sustaining rather severe burns as a result of his efforts. Six lawsuits were filed against the Texaco Company and the owner of the gasoline truck, one by the personal representatives of each of the four occupants of the automobile, one by the bystander, and one by the owner of the parked vehicle which caught fire. Respondent then opined that the consolidation of those cases resulted in no injury or prejudice to any of the plaintiffs; that though the cases were not tried before him, the juries returned substantial verdicts in favor of each of the plaintiffs. Respondent further makes mention of the fact that the attorneys representing the plaintiffs here in the two Minor cases have seemingly taken no objection to the consolidation order.

From this response of His Honor to the rule nisi, it must be clear to the impartial mind that his ruling must be sustained under the principle of review noticed above. It was based on knowledge of the results of such suits under the consolidation statute, garnered from his ripe experience as an able trial judge. His action under the statute had never before been questioned, the juries had always responded intelligently and fairly by their verdicts, and no satisfactory showing is made that a different result would be attained by consolidation this time. His answer to the rule not having been controverted is taken as true and having been well pleaded, is to our mind conclusive. Ex parte Smith, 252 Ala. 415, 41 So.2d 570; Ex parte Beard, supra; Ex parte Jones, 246 Ala. 433, 20 So.2d 859.

Moreover, there is nothing really complicated about the issues of the cases nor, as we see it, any reason why the trial court could not in its oral charge to the jury, together with various written charges which the parties will certainly request, clearly state to the jury the issues with respect to the several cases so that their verdicts will respond fairly to them. The damnifying act charged against the defendants in each case is negligence and the proof to sustain the respective complaints will naturally be substantially the same and the defense in each case will be the same with the exception of the case of Mr. Minor, the driver of the automobile, where there would be the defense of contributory negligence. We cannot conceive that the explanation to the jury in distinguishing between the theory of negligence with respect to the driver of the automobile and that governing the guest passengers would be too difficult; and with respect to the damages it could also be easily explained that in each case they are merely compensatory except in the death case, where they are punitive.

To illustrate the soundness of our conclusion, reference may be made to the notes to the Ashton case at 104 A.L.R. 62, where several more or less pertinent cases are annotated.

It appears that the Birmingham division of the circuit court had theretofore wisely adopted a rule of court to guide action under the consolidation statute. Ex parte Callaway, supra, and Ex parte Montgomery, supra. These rules, of course, are merely directory, but we are asked to apply them to Bessemer. Without considering our prerogative in that respect, it is manifest that they should not be so applied to revise judicial discretion of a different court where it is not made manifest that that court has been guilty of a gross or arbitrary abuse in action under the statute.

On a studious consideration, we have concluded the petition cannot be sustained.

Writ denied and petition dismissed.

STAKELY, GOODWYN, and MERRILL, JJ., concur.