871 So.2d 862 (2003)
Ex parte Robert B. EUBANK.
(In re State of Alabama v. Robert B. Eubank).
CR-02-0709.
Court of Criminal Appeals of Alabama.
May 23, 2003.
Rehearing Denied August 29, 2003.
*863 Robert B. Eubank, pro se.
William H. Pryor, Jr., atty. gen., and Stephanie N. Morman, asst. atty. gen., for respondent.
PER CURIAM.
The petitioner, Robert B. Eubank,[1] filed this petition for a writ of mandamus directing Judge Gloria Bahakel to recuse herself from presiding over his trial for driving under the influence ("DUI"), or, in the alternative, to dismiss the felony DUI charge against him.[2] In September 1999, Eubank was indicted for DUI. In early 2000, the prosecution moved to amend the charge. Eubank was reindicted in August 2002 for felony DUI. Judge Bahakel was assigned to preside over the case. She subsequently filed a complaint with the Alabama State Bar against Eubank, requesting that his license to practice law be suspended because he was impaired and he was a danger to himself and the community. Eubank moved to dismiss the felony DUI charge for lack of subject matter jurisdiction, i.e., because the action was commenced after the expiration of the statutory limitations period. Judge Bahakel denied the motions; this petition followed.
Initially, we must determine if a petition for a writ of mandamus is the appropriate method by which to review Judge Bahakel's rulings in this case. See Ex parte Spears, 621 So.2d 1255 (Ala. 1993). The Alabama Supreme Court recently in State v. Zimlich, 796 So.2d 399 (Ala.2000), held that a mandamus is not the proper vehicle to review a pretrial ruling alleging that a statute of limitations had expired. The Court stated, "`The fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal.' Ex parte Southland Bank, 514 So.2d 954, 955 (Ala.1987)." 796 So.2d at 403. Eubank also challenged the underlying DUI convictions that formed the basis for the felony DUI charge. Our research has revealed no case where this Court or the Supreme Court has reviewed a similar issue by way of a mandamus petition. In fact, in Ex parte Spears, 621 So.2d 1255 (Ala.1993), the Alabama Supreme Court stated:
"It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler, 574 So.2d 745 (Ala.1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent `undue injury.' See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991) (mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 *864 So.2d 1064 (Ala.1988) (mandamus proper to enforce a trial court's compliance with this Court's mandate); Ex parte Rush, 419 So.2d 1388 (Ala.1982) (mandamus proper to enforce a statutory or constitutional right to a jury trial); Ex parte Weissinger, [247 Ala. 113, 22 So.2d 510 (1945)] (mandamus proper to vacate certain interlocutory rulings in divorce cases); see, also, Ex parte Brooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein. The rationale underlying the recognition of these exceptions has not always been crystal clear....
"....
"The tendency of this Court in the past has been to enlarge the scope of the extraordinary writ of mandamus by recognizing certain exceptions to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review. However, we should not continue to decide cases in a piecemeal fashion. For this reason, mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment."
621 So.2d at 1256-58. Therefore, we will not consider Eubank's allegations concerning the motion to dismiss. However, mandamus is an appropriate vehicle by which to review a trial court's ruling on a motion to recuse. See Ex parte Sanders, 792 So.2d 1087 (Ala.2001); Ex parte Jim Walter Homes, Inc., 776 So.2d 76 (Ala.2000); Crawford v. State, 686 So.2d 196 (Ala. 1996); Ex parte Cotton, 638 So.2d 870 (Ala.1994); Ex parte Melof, 553 So.2d 554 (Ala.1989).
Eubank argues that Judge Bahakel should recuse herself because, he argues, the fact that she filed a complaint against him with the Alabama State Bar shows that she is biased against him. Eubank cites Ex parte Rollins, 495 So.2d 636 (Ala. 1986), in support of this contention. The State asserts that Eubank has failed to show that Judge Bahakel is biased against him and that Rollins is distinguishable from the present case.
Canon 3.C.(1), Alabama Canons of Judicial Ethics, states:
"(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
"(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."
In Rollins, the Alabama Supreme Court addressed the issue whether a trial judge should recuse himself after the judge filed a complaint against Rollins's attorney with the Alabama State Bar alleging perjury, political vindictiveness, and unfitness to practice law. The Court noted that it appeared that the trial court still had negative feelings against the attorney even though the complaint was filed over two years earlier and the Alabama State Bar had dismissed the complaint. The Court found that Rollins had established that the trial judge was biased and should recuse. The Rollins Court did not specifically address whether the filing of a complaint with the State Bar against an attorney representing a client is sufficient, by itself, to mandate recusal. Neither has our research revealed any other case addressing this issue.
Eubank has attached a copy of the letter Judge Bahakel sent to the Alabama State *865 Bar. The letter states that Eubank continues to drink, that he is impaired, that he is a danger to himself and to the community, and that he should be suspended from practicing law. Eubank is facing charges of felony DUIhe is not the attorney representing a defendant but the defendant himself. Therefore, we believe that the facts of this case raise an even stronger inference of bias than was presented in Rollins.
In order to issue a writ of mandamus a petitioner must establish (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. State v. Williams, 679 So.2d 275 (Ala.Crim.App. 1996).
Based on the circumstances of this case and the Court's holding in Rollins, we believe that Eubank has established the prerequisites for the issuance of this writ. Therefore, this petition is granted to the extent that Judge Bahakel is directed to recuse herself from presiding over Eubank's case. All other relief requested in this petition is denied.
PETITION GRANTED IN PART; DENIED IN PART; WRIT ISSUED.
McMILLAN, P.J., and BASCHAB, J., concur; SHAW, J., concurs in the result; COBB, J., concurs in part and dissents in part; WISE, J., recuses herself.
COBB, Judge (concurring in part and dissenting in part).
Although I agree that Eubank's petition should be granted to the extent that Judge Bahakel should recuse herself from presiding over this case, I dissent from the portion of the opinion denying the remainder of Eubank's petition for a writ of mandamus. Specifically, I dissent from this Court's presenting an apparent holding in a footnote, particularly a holding that contravenes previous caselaw from this Court and the Alabama Supreme Court.
The cases cited by the majority in footnote 2 do not stand for the proposition that a defendant cannot seek review by way of a petition of a writ of mandamus of an order consolidating criminal charges against him. Rather, those cases concern the consolidation of civil cases. Additionally, those cases do not foreclose review by mandamus in cases where a party to an action complains regarding the consolidation of cases against him. To the contrary, those cases allow mandamus review and address the proper standard of review; they stand for the proposition that, absent an arbitrary abuse of judicial power, mandamus will not lie.[3]See also Ex parte *866 Mullins, 258 Ala. 665, 64 So.2d 829 (1953), and Ex parte Callaway, 247 Ala. 340, 24 So.2d 415 (1946).
In fact, both the Alabama Supreme Court and this Court have reviewed a trial court's decision to consolidate criminal charges against a defendant by way of a petition for a writ of mandamus. Ex parte Beard, 246 Ala. 338, 20 So.2d 721 (1945), and Ex parte Neal, 675 So.2d 531 (Ala. Crim.App.1995).
Without expressing an opinion regarding the practice of using mandamus to review cases where a defendant seeks a severance of the charges against him, I write to express my concern that this Court in footnote 2, which is essentially dicta, seeks to overrule precedent established by the Alabama Supreme Court and subsequently followed by this Court. I am also concerned that, if this Court wishes to somehow modify established precedent, we should not do so in a footnote.
For the reasons stated above, I respectfully dissent.
NOTES
[1] Eubank is a licensed attorney in Alabama.
[2] Eubank has also filed a separate mandamus petition, which we have consolidated with this petition, attacking Judge Bahakel's ruling consolidating two felony DUI charges. However, as the Alabama Supreme Court stated in Ex parte Mount, 242 Ala. 174, 5 So.2d 637 (1942), "the exercise of the discretion by the court in granting or refusing a motion to consolidate was not reviewable by mandamus." 242 Ala. at 176, 5 So.2d at 639. See also Ex parte Montgomery, 247 Ala. 497, 25 So.2d 171 (1946). This issue may be raised on appeal if Eubank is convicted. Mandamus cannot be used as a substitute for an appeal. See Ex parte Majors, 827 So.2d 85 (Ala.2002).
[3] "[W]e hold that if the order made by the nisi prius court is within the letter and spirit of the statute, whether it be one consolidating or refusing to consolidate, the court's discretion can not be controlled by mandamus. If the order sought to be reviewed is not within the statute, but constitutes an arbitrary abuse of judicial power, mandamus will lie to review such order."

Ex parte Mount, 242 Ala. 174, 177, 5 So.2d 637, 639 (1942) (emphasis added).
"The recent decisions of this court hold that if the cases sought to be consolidated come within the influence of § 221, Title 7, Code 1940, and the power conferred on the trial court by said section, the question as to whether such consolidation will be made or denied is a matter of sound judicial discretion, not reviewable by mandamus in the absence of an arbitrary abuse of judicial power."
Ex parte Montgomery, 247 Ala. 497, 498, 25 So.2d 171, 173 (1946) (emphasis added).
I also note that Ex parte Majors, 827 So.2d 85, 86 n. 1 (Ala.2002), contains a footnote that states,
"We note that Rule 4(d), Ala. R.App. P., adopted effective October 1, 2001, now provides that the review of a grant of a motion to compel arbitration is by appeal, rather than by a petition for the writ of mandamus. However, Majors's petition was filed on August 9, 2001, before the effective date of the adoption of Rule 4(d)."
Thus this case, too, is not dispositive of the case at hand.